IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02432-PAB-BNB

CYNTHIA M. MATTSON,

Plaintiff,

v.

MICHAEL CHERTOFF, Secretary of the Department of Homeland Security, Transportation Security Administration,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **Defendant's Motion to Dismiss** [Doc. #21, filed 06/18/2008] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED and that the action be DISMISSED.

**I. STANDARD OF REVIEW**

The plaintiff is proceeding *pro se*, and I must liberally construe her pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado

v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II. BACKGROUND

The plaintiff filed her initial Complaint on November 20, 2007 [Doc. #2]. Pursuant to Court orders, she filed an Amended Complaint on December 20, 2007 [Doc. #6] and a Second Amended Complaint on February 29, 2008 [Doc. #10] (the "Complaint").

The plaintiff is employed as a Transportation Security Officer at Denver International Airport. *Complaint*, pp. 1-2.[1] She brings three claims against the Secretary of the Department of Transportation. Claim One alleges gender, age, and disability discrimination and a violation of the Family and Medical Leave Act ("FMLA"). Id. at pp. 40-41. Claim Two alleges age and disability discrimination. Id. at p. 42. Claim Three alleges the breach of an employment contract.[2] Id. at p. 43.

The Complaint further alleges that the plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 20, 2005, and she received her Notice of Right to Sue on July 8, 2007. Id.

---

[1]The plaintiff does not consecutively number the pages of the Complaint or of her responses to the Motion. Therefore, I cite to the page numbers of the plaintiff's documents as they are assigned by the Court's docketing system.

[2]To the extent the plaintiff attempts to bring other claims, they are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

### III. ANALYSIS

#### A. Discrimination Claims

The defendant asserts that the plaintiff's discrimination claims are barred because she did not file this action within 90 days of receiving her Notice of Right to Sue. Pursuant to 42 U.S.C. § 2000e-16(c), a federal employee is authorized to file a civil action in federal district court within 90 days after receipt of a notice of final action taken by the EEOC. "Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling." Million v. Frank, 47 F.3d 385, 389 (10th Cir. 1995).

In the Tenth Circuit, section 501 of the Rehabilitation Act, 29 U.S.C. § 791, provides a federal employee's exclusive remedy for disability discrimination. Williams v. Widnall, 79 F.3d 1003, 1005 (10th Cir. 1996). See also Johnson v. United States Postal Serv., 861 F.2d 1475, 1477 (10th Cir.1988); Coleman v. Darden, 595 F.2d 533, 538 (10th Cir.1979). The Rehabilitation Act extends the "remedies, procedures and rights" available under Title VII, 42 U.S.C. § 2000e-16, to federal employees with disability discrimination claims. 29 U.S.C. § 794a(a)(1). Therefore, disability claims brought pursuant to the Rehabilitation Act are subject to the 90 day limitation period.

Age discrimination claims brought pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA") must also be brought within 90 days after receipt of the EEOC Notice of Right to Sue. 29 U.S.C. § 626(e).

The plaintiff states that she received a Notice of Right to Sue on July 8, 2007, *Complaint*, p. 2, and she attached to the Complaint page five of the decision containing the Notice. Id. at p.

3. In addition, she attached copies a letter she wrote to the EEOC Office of Federal Operations in Washington, D.C., wherein she acknowledges receipt on August 13, 2007, of a different EEOC decision which is dated August 6, 2007. Id. at p. 5, 12.

The defendant has submitted copies of both decisions in their entirety. *Motion*, Exs. A-1 and A-2. "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." GFF Corp. v. Associated Wholesale Grocers, 130 F.3d 1381, 1384-1385 (10th Cir. 1997).

The plaintiff refers to both of the decisions in her Complaint, and they are central to her claims. The plaintiff does not dispute the authenticity of the documents. *Plaintiff's Response to Motion 21* [Doc. #26] (the "Response"). To the contrary, she attached page five of the July 3, 2007, decision to her Complaint. *Complaint*, p. 3. Therefore, I may consider the documents as not "outside the pleading" for purposes of the Rule 12(b)(6) motion to dismiss.

The defendant asserts, and the plaintiff does not dispute, that the allegations of the Complaint are based on the issues addressed in the two final EEOC decisions. The first decision addresses Appeal No. 0120052563. It was issued on July 3, 2007, and received by the plaintiff on July 8, 2007. *Complaint*, pp. 2-3; *Motion*, Ex. A-1. The second decision addresses Appeal No. 0120071715. It was issued on August 6, 2007, and received by the plaintiff on August 13, 2007. *Complaint*, pp. 5, 12; *Motion*, Ex. A-2. These decisions each contain a Notice of Right to Sue. The plaintiff initiated this action on November 20, 2007--99 days after she received her second Notice of Right to Sue. Therefore, absent tolling, the plaintiff's claims are barred.

"Courts have narrowly construed equitable exceptions to the time limitations set out in Title VII." Biester v. Midwest Health Services, Inc., 77 F.3d 1264, 1267 (10th Cir. 1996). For example:

> The Tenth Circuit has generally recognized equitable tolling of Title VII time limitations only if the circumstances of the case rise to the level of active deception which might invoke the powers of equity to toll the limitations period. For instance, equitable tolling may be appropriate where a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the courts. Likewise, if a plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights, we will permit tolling of the limitations period.

Id. at 1267-68 (internal quotations and citations omitted).

As a preliminary matter, I note that the plaintiff's filings are confusing and frequently incomprehensible. Regardless, I have thoroughly reviewed all pertinent filings to determine if the plaintiff has stated any grounds for equitable tolling. Following that review, I have determined that the Complaint does not allege any facts to demonstrate that the 90-day time limit is subject to tolling. In her Response to the Motion, the plaintiff does not address facts relevant to tolling. Instead, she summarily (and erroneously) argues that her claims are timely. *Response*, p. 3.

In addition to her Complaint and Response, the plaintiff has filed supplemental responses to the defendant's Motion [Docs. #28 and #30]. The plaintiff has submitted these supplemental responses without leave of Court . Nevertheless, I have reviewed the supplemental responses and I address them here.[3]

---

[3] The plaintiff attempts to assert an additional claim for a "matter" "that occurred on March 1, 2008." *First Supplemental Response*, p. 2. I will not address claims raised for the first time in a brief opposing a dispositive motion.

5

In her first supplemental response, the plaintiff claims that the delay in filing this action occurred because she wrote letters complaining about the EEOC decisions and waited for months for responses before filing her action in this Court. *Plaintiff Acknowledges Defense Response as Oversight* [Doc. #28] (the "First Supplemental Response"), pp. 1-2. She attached two letters to the First Supplemental Response. The first letter is dated January 9, 2007, which is more than six months *prior* to receiving her Notices of Right to Sue. Id. at p. 6. It is not plausible that the plaintiff delayed this action because she waited for a response to this letter even after receiving the EEOC's final decisions, both of which contained a Notice of Right to Sue. The second letter states that she is opposing the July 3, 2007, final decision in Appeal No. 0120052563, and that she is going to pursue legal action because the EEOC did not adequately examine her claims. Id. at pp. 8-9. It is not credible that the plaintiff delayed filing this action because she was waiting for a response to a letter informing the recipient that she was pursuing legal action.

The plaintiff's other supplemental response appears to be a letter to the EEOC requesting a hearing for a claim she is currently pursuing. *A Copy of Claimant's Response Presented to U.S. District Court* [Doc. #30] (the "Second Supplemental Response"). The Second Supplemental Response does not address the timeliness of the claims she is asserting here, nor does it appear relevant to the issue of timeliness.

The plaintiff's Complaint is barred by the 90 day limitation period. I respectfully RECOMMEND that the Motion be GRANTED and that the plaintiff's claims for discrimination be DISMISSED.

### B. Family Medical Leave Act

Claim One alleges that the plaintiff was refused advanced sick time "during FMLA . . . after accrued time had depleted . . . ." *Complaint*, p. 40.  The defendant asserts that this claim must be dismissed because, as a federal employee, the plaintiff does not have a private right of action under the FMLA.  *Motion*, pp. 11-14.  In this regard:

> The FMLA grants private and federal employees an entitlement to periods of leave for certain enumerated circumstances.  See, e.g., 29 U.S.C. § 2612(a)(1); 5 U.S.C. § 6382(a)(1).  Title II of the FMLA, 5 U.S.C. § 6381 *et seq.*, governs leave for federal civil service employees with more than twelve months of service; Title I, 29 U.S.C. § 2601 *et seq.*, governs leave for private employees and federal employees not covered by Title II.

Russell v. United States Dep't of the Army, 191 F.3d 1016, 1018 (9th Cir. 1999).

The plaintiff alleges that she is employed as a Transportation Security Officer at the Denver International Airport under the United States Department of Transportation.  *Complaint*, p. 1.  She was hired on September 1, 2002, id. at p. 33, and was employed there until at least March 1, 2008.  *Second Supplemental Response*, p. 5.  Thus, the plaintiff is a Title II employee.

Although Title II grants the plaintiff the same substantive rights as a Title I plaintiff, Title II does not provide for a private right of action to enforce those rights.  Id. (citing 29 U.S.C. § 2617(a)(2) and 5 U.S.C. §§ 6381-6387).  It is a well-established principle that "[a]s a sovereign, the United States 'is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.'"  Lee v. United States, 980 F.2d 1337, 1340 (10th Cir. 1992) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  Sovereign immunity is a jurisdictional bar to suit.  Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994).

"A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." United States v. Mitchell, 445 U.S. 535, 538 (1980) (internal quotations and citation omitted). The plaintiff bears the burden of establishing waiver to sovereign immunity. Fostvedt v. United States, 978 F.2d 1201, 1203 (10th Cir. 1992). A matter must be dismissed "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." Fed. R. Civ. P. 12(h)(3).

Because Title II of the FMLA does not expressly waive the government's sovereign immunity, all of the circuit courts addressing the issue have held that a Title II employee is precluded from bringing a private action to enforce FMLA rights. Russell, 191 F.3d at 1018-19; Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997); Cavicchi v. Secretary of the Treasury, No. 01-03406-CV-JEM, 2004 WL 4917357, at *6 (11th Cir. October 15, 2004); Bogumill v. Office of Pers. Mgmt., 168 F.3d 1320, 1998 WL 486754, at *1-2 (Fed.Cir. August 13, 1998). See also Berry v. Federal Aviation Admin., No. 05-cv-00779-WYD-CBS, 2006 WL 446080, at *2 (D.Colo. Feb. 21, 2006). "The exclusive remedy for federal employees challenging agency action is the Civil Service Reform Act ("CSRA"), which obliges federal employees who seek redress for agency violations to pursue their claims through grievance procedures or agency management." Id.

I agree with the decisions of the circuit courts. Accordingly, I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of the plaintiff's claim under the FMLA.

### C. Contract Claim

Claim Three alleges a breach of the plaintiff's employment contract. I construe this as a state-law contract claim. This Court may decline to exercise supplemental jurisdiction over the plaintiff's state contract claim when it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the plaintiff's federal claims are barred, I recommend that the Court decline to exercise supplemental jurisdiction over the remaining state contract claim.

I respectfully RECOMMEND that Claim Three be DISMISSED WITHOUT PREJUDICE.[4]

### IV. CONCLUSION

I respectfully RECOMMEND that Motion be GRANTED and that Claims One and Two be DISMISSED WITH PREJUDICE.

I FURTHER RECOMMEND that Claim Three be DISMISSED WITHOUT PREJUDICE.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue

---

[4]As a result of my determination that the plaintiff's claims must be dismissed on the foregoing grounds, I do not address the defendants' remaining arguments.

for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 13, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge